IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTOPHER L. SCHARKLET, SR.                                          PLAINTIFF

v.                                                CIVIL ACTION NO. 1:22-CV-193-SA-DAS

CASE HEALTHCARE SOLUTIONS, INC.                              DEFENDANT

ORDER AND MEMORANDUM OPINION

On December 12, 2022, Christopher L. Scharklet, Sr. initiated this civil action by filing his Complaint [1] against Case Healthcare Solutions, Inc. ("Case"). He filed his Second Amended Complaint [39] on December 15, 2023. Before the Court is Scharklet's Motion for Reconsideration [35]. The Motion [35] has been fully briefed and is ripe for review.

*Relevant Factual and Procedural Background*

On July 25, 2023, Scharklet filed his first Amended Complaint [24], alleging violations of the American with Disabilities Act of 1990, ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.

On August 10, 2023, Case filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion for More Definite Statement [27].[1] In an Order and Memorandum Opinion [34] dated November 29, 2023, the Court granted the Motion [27] in part and denied it in part. Specifically, the Court denied Case's request for complete dismissal but granted the dismissal of Claim VII—an apparent claim for punitive damages. *See* [34] at p. 12. The Court granted Case's alternative request for a more definite statement and ordered Scharklet to file a second amended complaint.

---

[1] This was Case's second motion to dismiss for failure to state a claim. *See* [5] (first motion). The Court denied the first Motion [5] *without prejudice* as moot and *sua sponte* ordered Scharklet to file an amended complaint, as the original Complaint [1] did not set forth any discrete cause of action beyond alleging that Case violated the ADA and Rehabilitation Act. *See* [23].

Scharklet thereafter filed a Motion for Reconsideration [35] of the Court's Order [34], though Scharklet subsequently filed a Second Amended Complaint [39] as ordered. Case opposes the Motion [35], contending that it is moot.

*Legal Standard*

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d at 326, 336 (5th Cir. 2017) (citing FED. R. CIV. P. 54(b)) (internal quotations and alterations omitted). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F. 1069, 1075 n.14 (5th Cir. 1994)).

*Analysis and Discussion*

In the present Motion [35], Scharklet asks the Court to reconsider (1) its requirement that he file a second amended complaint and (2) its "dismissal *with prejudice* of Plaintiff's ability to seek punitive damages as a remedy." [35] at p. 1. Scharklet's first request is moot, as he has since filed his Second Amended Complaint [39]. The Court will consider his second argument regarding punitive damages.

For context, the Court will begin with Scharklet's First Amended Complaint [24]. As noted in the Court's Order [34], the First Amended Complaint [24] listed seven unnamed "claims" labeled with only roman numerals. In short, while the First Amended Complaint [24] utilized certain "buzz words" such that the Court could arguably infer Scharklet's intended legal theories, it was not clear which legal theory corresponded to each claim. There were more claims (seven)

2

than there were apparent legal theories (three), and the First Amended Complaint [24] did not provide factual support for each claim that would have assisted in deciphering the claims or put Case on notice of the grounds on which the claims rested, as required by Rule 8. *See Alexander v. Hall*, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *EPCO Carbon Dioxide Prods., Inc. v. J.P. Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006)).

With respect to Claim VII, in its Motion to Dismiss [28], Case argued:

> With regard to Claim VII, it is unclear whether any claim is being raised at all, let alone what ADA claim Plaintiff intends to advance. Plaintiff does not allege any of the elements of any ADA cause of action other than a passing reference to "violations of Plaintiff's statutory rights" and Defendant's alleged failure to "consider Mr. Scharklet's requests for accommodation . . . ." From context, it is possible that Plaintiff is attempting to make a claim for punitive damages. However, punitive damages are a remedy only, not an independent cause of action. Thus, to the extent Plaintiff was attempting to allege an ADA-based cause of action in Claim VII, it is wholly unclear from the Amended Complaint what that cause of action may be, and Defendant is unable to respond.

[28] at p. 13 (internal citations omitted).

In his Response [31], Scharklet did not address Case's argument or otherwise discuss Claim VII. Thus, in its November 29 Order [34], the Court dismissed Claim VII—an apparent claim for punitive damages—as abandoned.

Now, in his Motion for Reconsideration [35], Scharklet argues that the Court dismissed his ability to seek punitive damages as a remedy.[2] Scharklet asserts that this was improper because Case did not move the Court to do so in its Motion to Dismiss [27].

The Court read Cases's Motion [27] as an argument that Scharklet was attempting to bring a claim for punitive damages, which is not a valid claim. Thus, Case argued, to the extent it is

---

[2] Scharklet raises several other arguments regarding the sufficiency of his First Amended Complaint [24] and the propriety of dismissing a punitive damages remedy via dismissal under Rule 12(b)(6). The Court sees no need to address those arguments for the reasons discussed herein.

intended to be a cause of action for punitive damages under the ADA, the Defendant is unable to respond, i.e., it does not satisfy Rule 8's requirements and should be dismissed. However, the Court recognizes how Scharklet could arrive at a different interpretation of Case's argument and the Court's Order [34] finding that Scharklet conceded to "Case's assertion that Claim VII is a claim for punitive damages to which he is not entitled." [34] at p. 11-12.

In any event, the Court viewed Scharklet's failure to respond as a concession to an argument that he could not bring *a separate and distinct claim* for punitive damages under the ADA because it is a remedy and not a cause of action. The Court did not intend to bar Scharklet from seeking punitive damages as a remedy and notes that Scharklet separately included punitive damages in his First Amended Complaint's [24] prayer for relief. Scharklet also included punitive damages in the prayer for relief in his Second Amended Complaint [39], which is now the operative complaint. Thus, Scharklet's second argument in support of his Motion for Reconsideration [35] is similarly moot.

*Conclusion*

For the reasons set forth above, Scharklet's Motion for Reconsideration [35] is DENIED as moot. However, the Court clarifies that Scharklet may seek punitive damages as a remedy.

SO ORDERED, this the 21st day of February, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

4